Andrea L. Schulewitch, Esq., Nev. Bar No. 15321
andrea.schulewitch@washoeschools.net
Sara K. Montalvo, Esq., Nev. Bar No. 11899
sara.montalvo@washoeschools.net
WASHOE COUNTY SCHOOL DISTRICT
P.O. Box 30425
Reno, NV 89520-3425
Telephone: 775-348-0300
Fax: 775-333-6010
Attorneys for Defendants Washoe County School District, Joe Ernst, Spanish Springs Elementary School, Rebecca Quinn, Washoe County School District Police Department, and Jeremy Backman

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MAXWELL KUENNEN, an individual; MERSIHA KUENNEN, an individual; E.K., an individual;<br><br>        Plaintiffs,<br><br>vs.<br><br>WASHOE COUNTY SCHOOL DISTRICT; JOE ERNST, WASHOE COUNTY SUPERINTENDENT; SPANISH SPRINGS ELEMENTARY SCHOOL; REBECCA QUINN; WASHOE COUNTY SCHOOL DISTRICT POLICE DEPARTMENT; JEREMY BACKMAN; DOES 1 — 10; and ROE CORPORATIONS I — X, inclusive;<br><br>        Defendants.<br>_____ / | CASE NO.: 3:26-cv-00072-MMD-CSD<br><br>**REPLY IN SUPPORT OF<br>MOTION TO DISMISS<br>(FRCP 12(b)(6))** |

Defendants, Washoe County School District (District), Joe Ernst, Spanish Springs Elementary School, Rebecca Quinn, Washoe County School District Police Department, and Jeremy Backman (collectively referred to herein as Defendants), by and through counsel, hereby file this Reply in support of Defendants' Motion to Dismiss Plaintiffs' Complaint (ECF No. 1) with prejudice, pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(6). This Reply is made

1

and based on the foregoing rules, all pleadings and papers on file herein, the following memorandum of points and authorities, and any other matters that may come before the Court for its consideration relative to the Motion to Dismiss.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs' Complaint (ECF No. 1), which consists of four causes of action spanning only 37 paragraphs and eight pages, fails to allege sufficient factual content necessary to state plausible claims for relief.  Plaintiffs' Opposition to the Motion to Dismiss (ECF No. 14), though longer than the Complaint itself at nine pages, does not dispel the deficiencies in the Complaint as raised in Defendants' Motion to Dismiss (ECF No. 9).  Rather than engaging with the arguments raised in Defendants' Motion, the Opposition largely ignores them, repeats the same generalized allegations, and recites elements without connecting them to specific facts or legal standards. Notably, the Opposition does not address the fact that the Complaint contains no specific dates or timeframe, no particularized allegations differentiating among Defendants, and no facts supporting key elements of multiple causes of action. As the Supreme Court has made clear, FRCP 8 requires more than conclusory allegations and "formulaic recitation[s] of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must allege facts sufficient "to raise a right to relief above the speculative level" and cross the line from conceivable to plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & 570 (2007). At most, the Opposition repackages the Complaint's conclusory assertions and, in doing so, confirms that Plaintiffs have not met their burden under *Twombly* and *Iqbal*.

Additionally, Plaintiffs do not respond to several additional grounds for dismissal raised in Defendants' Motion, including that (1) E.K., a minor child, is unable to sue and assert claims in her individual capacity and must have a representative sue on her behalf (ECF No. 9, fn. 1);

Washoe County School District
Office of the General Counsel
PO Box 30425
Reno, Nevada 89520-3425
Telephone: (775) 348-0300; Facsimile: (775) 333-6010

Washoe County School District
Office of the General Counsel
PO Box 30425
Reno, Nevada 89520-3425
Telephone: (775) 348-0300; Facsimile: (775) 333-6010

(2) the parent Plaintiffs do not have standing to sue in their individual capacities (ECF No. 9, fn. 2); (3) fictitious defendants must be dismissed as a matter of law (ECF No. 9, fn. 3); and (4) Spanish Springs Elementary School is not a suable entity and naming it as a party is functionally equivalent to a suit against the District, so the school must be dismissed as a party (ECF No. 9, pp. 10-11). Plaintiffs' failure to rebut or oppose Defendants' arguments regarding these points in the Opposition should be construed as an admission that Defendants' arguments are meritorious and consent to granting the same. *See, e.g.*, *Duensing v. Gilbert*, 2013 WL 1316890, fn. 3 (D. Nev. Mar. 1, 2013) (failing to respond to defendant's arguments on the issue constituting consent to the granting of the motion); *Schmitt v. Furlong*, 2013 WL 432632, *4 (D. Nev. Feb. 4, 2013) (failure to argue against substantive due process violations indicated consent to granting summary judgment); *Gudenavichene v. Mortgage Elec. Registration Sys.*, 2012 WL 1142868 (D. Nev. Apr. 4, 2012) (plaintiff's failure to respond to any of the arguments raised in the motion to dismiss constituted consent to granting the motion); *See also* Local Rule (LR) 7-2(d).

Finally, Plaintiffs' assertion that additional facts could be added through amendment, should the Court find that the Complaint fails to meet the pleading requirements, underscores that the current pleading is deficient. At this juncture, the Court must evaluate the Complaint as it is pled and, as pled, it fails to satisfy the pleading standard required by *Twombly* and *Iqbal*. As the Complaint fails to state a claim upon which relief can be granted, Defendants respectfully request the Court dismiss the Complaint in its entirety, with prejudice.

## II.    LEGAL ARGUMENT

### A.  The Entire Complaint is Insufficiently Pled.

Plaintiffs' Complaint is patently deficient when viewed in light of the applicable pleading standard. With respect to all named Defendants, the Complaint fails to provide a single date or timeframe during which any of the alleged events occurred, making it impossible to discern

whether this lawsuit is even timely, or to conclude that the correct parties were even accurately employed in the asserted capacity. The Complaint also fails to provide any degree of detail with respect to factual allegations which would give rise to plausible liability on the part of any of the named Defendants. For example, not a single, specific factual allegation is levied against Superintendent Ernst, Spanish Springs Elementary School, the School Police Department, and Officer Backman. As it pertains to the District, generally, and Nurse Quinn, the Complaint offers nothing beyond bare assertions and formulaic legal conclusions. As a result, the entire Complaint is facially deficient and must be dismissed against all named Defendants. When the Court considers the manner in which the individual causes of action are pled, this conclusion becomes inescapable. The Opposition's failure to address these defects confirms dismissal is warranted.

1. **Plaintiffs' First Cause of Action for Deprivation of Right under 42 U.S.C. § 1983 Must be Dismissed Because it is Insufficiently Pled.**

Plaintiffs' first cause of action for Deprivation of Right under 42 U.S.C. § 1983, asserted against all Defendants collectively, only offers minimal information and fails to provide a single, specific factual allegation as to what the District, or Spanish Springs Elementary School, or Superintendent Ernst, or Nurse Quinn, or the School Police Department, or Officer Backman did to support this claim. (ECF No. 1, ¶ 27.)  While the Opposition recites the elements of a § 1983 claim and repeats what the Complaint states, the Opposition does not dispel that the allegations in the Complaint amount to nothing more than threadbare statements offered in the form of legal conclusions.  The Opposition also fails to respond to Defendants' *Monell* arguments or identify any policy, practice, or custom attributable to the District, fails to point to anything in the Complaint to support the requirement that the policy or custom amounted to deliberate indifference to the constitutional right that was never actually identified in the Complaint, and fails to identify that the alleged policy or custom was the moving force behind the constitutional

Washoe County School District
Office of the General Counsel
PO Box 30425
Reno, Nevada 89520-3425
Telephone: (775) 348-0300; Facsimile: (775) 333-6010

4

Washoe County School District
Office of the General Counsel
PO Box 30425
Reno, Nevada 89520-3425
Telephone: (775) 348-0300; Facsimile: (775) 333-6010

violation. Moreover, the Opposition does not address Defendants' points and authorities which support their argument that liability under § 1983 cannot be based on a theory respondeat superior. *Monell v. Dep't of Social Services*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under § 1983). The Opposition's failure to rebut or oppose Defendants' arguments should be construed as an admission that Defendants' arguments are meritorious and consent to granting the same. *See, e.g.*, *Duensing v. Gilbert*, 2013 WL 1316890, fn. 3 (D. Nev. Mar. 1, 2013) (failing to respond to defendant's arguments on the issue constituting consent to the granting of the motion); *Schmitt v. Furlong*, 2013 WL 432632, *4 (D. Nev. Feb. 4, 2013) (failure to argue against substantive due process violations indicated consent to granting summary judgment); *Gudenavichene v. Mortgage Elec. Registration Sys.*, 2012 WL 1142868 (D. Nev. Apr. 4, 2012) (plaintiff's failure to respond to any of the arguments raised in the motion to dismiss constituted consent to granting the motion); *See also* LR 7-2(d).

To establish municipal liability under § 1983, the first element requires a plaintiff show that he or she was deprived of a constitutional right. *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013). In the Opposition, Plaintiffs appear to allege for the first time that this claim is being brought for a violation of "Nevada law, [as] students such as E.K. have a property interest in their public education." (ECF No. 14, p. 5; citing Nev. Const. art. 11 § 2.) However, education is not a fundamental right under the United States Constitution. *See San Antonio Independent School Dist. v. Rodriguez*, 411 U.S. 1, 35, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973) ("Education, of course, is not among the rights afforded explicit protection under our Federal Constitution. Nor do we find any basis for saying it is implicitly so protected.") Claims raised under § 1983 only apply to violations of rights under the Constitution and laws of the United States and do not apply to violations of state constitutions or laws. *Beste v. Lewin*, 488 B.R. 663, 671 (N.D. Cal. 2012), *aff'd*, 586 F. App'x 352 (9th Cir. 2014), citing *Baker v. McCollan*, 443 U.S. 137, 146–147, 99

S.Ct. 2689, 61 L.Ed.2d 433 (1979). As such, the Opposition's allegation that there was a violation of state law is inapplicable as it does not satisfy the first element of a § 1983 claim.

Plaintiffs also cite *Norman-Bloodsaw v. Lawrence Berkeley Lab.*, 135 F.3d 1260, 1269 (9th Cir. 1998) (a distinguishable case about an employer who tested blood and urine samples which were provided by employees for additional sensitive medical conditions not consented to, such as syphilis, sickle cell trait and pregnancy) and allege that "[t]here is a constitutionally protected privacy interest in avoiding **disclosure** of medical information." (ECF No. 14, pp. 4-5.) (**Emphasis added**.) However, the Complaint only alleges Nurse Quinn "obtained" unspecified confidential medical records and health information from a third-party provider and alleges she "access[ed] private medical information without consent." There are no allegations that any information was disclosed by Defendants and there are no details in the Complaint or Opposition regarding what information was obtained, from whom, or what harm was caused. Nor does the Opposition connect this single alleged privacy violation to a policy or custom; that the policy or custom amounted to deliberate indifference to the constitutional right; or that the policy or custom was the moving force behind the constitutional violation. *See Gravelet-Blondin*, 728 F.3d at 1096 (elements of a § 1983 claim); *see also Davis v. City of Ellensburg*, 869 F.2d 1230, 1233-34 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee."). Although no information in the Complaint provides what was allegedly obtained by Nurse Quinn or why it was allegedly unlawful, it may have been relevant to providing required nursing services to the student who suffers from a serious medical condition and who requires a medically safe learning environment. (ECF No. 1, pp. 4-6.) Based on the foregoing, it is clear that Plaintiffs have not sufficiently pled their first cause of action and it should therefore be dismissed.

///

6

Washoe County School District
Office of the General Counsel
PO Box 30425
Reno, Nevada 89520-3425
Telephone: (775) 348-0300; Facsimile: (775) 333-6010

**2. Plaintiffs' Second Cause of Action for Invasion of Privacy Must be Dismissed because it is Insufficiently Pled.**

The allegations provided in support of Plaintiffs' second cause of action, for invasion of privacy likewise fall short of the requisite standard. Although the Complaint and Opposition do not identify who this claim is asserted against, it is important to note that not a single, specific factual allegation is levied against the District, or Spanish Springs Elementary School, or Superintendent Ernst, or the School Police Department, or Officer Backman in support of this claim. The Complaint fails to provide any guidance as to why Nurse Quinn's alleged obtaining of E.K.'s medical records was improper or illegal. Even if accepted as true, there is nothing in the Complaint or Opposition which explains how Nurse Quinn's conduct violated some specified statutory or legal right of E.K. or the child's parents. This omission is disconcerting in light of Plaintiffs' statements that E.K. has a "serious medical condition" and requires "a medically safe learning environment." (ECF No. 1, ¶¶ 14 & 19.) In essence, the Complaint is at odds with itself insofar as it asserts that Nurse Quinn violated the law by discharging her duties with respect to E.K.

Although the Opposition cites a Nevada case to outline the elements of a claim for invasion of privacy and notes there are different theories of this tort, the Opposition fails to cure the defects in the Complaint. The Complaint falls shy of the pleading requirements by providing only threadbare assertions and legal conclusions that Nurse Quinn allegedly intruded upon confidential medical information without authorization and that this would be highly offensive to a reasonable person. (ECF No. 1, ¶¶ 30-31.) This is the entire sum and substance of the second cause of action which fails to allege factual details regarding how or why such access was unlawful or whether this was an "intentional intrusion" to establish the minimally required elements of this claim. Without more, there is nothing contained within the pleading which permit

Washoe County School District
Office of the General Counsel
PO Box 30425
Reno, Nevada 89520-3425
Telephone: (775) 348-0300; Facsimile: (775) 333-6010

Defendants or the Court to infer anything beyond the mere possibility of misconduct (*Iqbal*, 556 U.S. at 679) and therefore, this claim must also be dismissed.

### 3. Plaintiffs' Third Cause of Action for Negligence and Negligent Supervision Must be Dismissed Because it is Insufficiently Pled.

Plaintiffs' third cause of action for Negligence and Negligent Supervision, as acknowledged in the Opposition, consists of only two sentences that merely recite some, but not all the elements of a negligence claim. While the Complaint alleges only the elements of duty and breach (ECF No. 1, ¶¶ 33–34), the Opposition fails to address the complete absence of allegations supporting the essential elements of causation and damages. (ECF No. 14, p. 7.)  This deficiency alone warrants dismissal of the third cause of action as to all Defendants.  *See Iqbal*, 556 U.S. at 678 (FRCP 8 requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action....").

In an apparent attempt to cure these deficiencies, Plaintiffs assert for the first time in their Opposition that "Defendants" breached a statutory duty and cite NRS 439.530(3) for the proposition that a "person who accesses an electronic health record or a health information exchange without authority to do so is guilty of a misdemeanor and liable for any damages to any persons that result from the unauthorized access." (ECF No. 14, p. 7.) However, the cited language appears in NRS 439.590(3), not NRS 439.530(3). Moreover, the Complaint contains no allegation that any Defendant was charged with or found guilty of a misdemeanor, nor does it identify any damages resulting from any alleged unauthorized access. Additionally, NRS 439.590(3) pertains to  access to "an **electronic** health record or a **health information exchange**," and the Complaint does not allege this.

The Opposition also fails to cure the absence of any dates or timeframe for the purported misconduct in this cause of action, and does not link specific conduct to individual Defendants,

8

other than the District. However, the allegations directed at the District are equally conclusory and deficient. For all of the foregoing reasons, Plaintiffs have failed to state a plausible claim for relief as to their third cause of action, which therefore must be dismissed.

### 4. Plaintiffs' Fourth Cause of Action for Intentional Infliction of Emotional Distress Must be Dismissed Because is Insufficiently Pled.

The fourth cause of action for Intentional Infliction of Emotional Distress (IIED) likewise fails to meet the pleading standard.  As noted in the Motion, the Complaint fails to identify any specific conduct attributable to any individual Defendant with regard to this claim. Plaintiffs' Opposition does not attempt cure this defect. Instead, the Opposition broadly asserts that unnamed "Defendants' falsification of [an unidentified] medical release" constituted extreme and outrageous conduct. (ECF No. 14, p. 7.) Such generalized allegations are insufficient to allege a plausible claim for relief.

The claim also consists of little more than a conclusory recitation of the elements and fails to allege all essential elements of an IIED claim, including intent or reckless disregard to cause severe emotional distress. *See Star v. Rabello*, 97 Nev. 124, 125, 625 P.2d 90, 92 (1981). Plaintiffs' Opposition merely cites the elements but does not address these omissions. Nor do Plaintiffs provide any factual support for their assertion that the alleged conduct rises to the level of "extreme and outrageous" conduct, as required. Conclusory allegations, unsupported by factual detail, are insufficient under the applicable pleading standard. Plaintiffs' suggestion that the alleged conduct "has been criminalized under Nevada law" is also unavailing, as the Complaint does not allege that any Defendant was charged with or prosecuted for any criminal offense. (*Compare* ECF No. 14, pp. 6-7 & ECF No. 1, generally.) Nor do Plaintiffs cite authority establishing that even if such conduct did occur that it would be sufficient to sustain an IIED claim. Because Plaintiffs' allegations fall "short of the line between possibility and plausibility of

9

Washoe County School District
Office of the General Counsel
PO Box 30425
Reno, Nevada 89520-3425
Telephone: (775) 348-0300; Facsimile: (775) 333-6010

entitlement to relief" set forth in *Iqbal*, dismissal of the fourth cause of action is also warranted as to all Defendants.

**B.  Plaintiffs Should Not be Granted Leave to Amend the Complaint.**

Should this Court find the Complaint does not satisfy the required pleading standards, Plaintiffs do not actually request but instead assert that the Court "should" grant such relief. (ECF No. 14, p. 9). Not only is this presumptuous, but seeking leave to amend a complaint in an opposition to a motion to dismiss fails to comply with the Court's Local Rules.  LR IC 2-2(b) provides that "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." Nevada judges regularly deny motions which violate this rule. *See, e.g., Fletcher v. Dreesen*, No. 2:22-CV-01777-MMD-NJK, 2025 WL 562652, at *2 (D. Nev. Feb. 18, 2025); *Warren v. Pentagon Fed. Credit Union*, No. 2:23-CV-02007-JAD-MDC, 2024 WL 493294, at *2 (D. Nev. Feb. 8, 2024). Plaintiffs' Opposition requests the Court not dismiss the Complaint and asserts the Court should grant Plaintiffs leave to amend. (ECF No. 14, p. 9.)  Thus, since Plaintiffs improperly combine two separate documents and two separate requests for relief which violate LR IC 2-2(b), the request should be denied as procedurally improper.

Moreover, although amendments to pleadings are freely given when justice so requires, FRCP 15(a) is not without limitations. FRCP 15(a)(2); *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). In deciding whether to grant leave to amend, the court considers factors including undue delay, prejudice to the opposing party, futility of the amendment, and bad faith. *See United States v. Truckee-Carson Irrigation Dist.*, 107 F.R.D. 377, 380 (D. Nev. 1985). Although Plaintiffs point out these factors, like their insufficient Complaint, Plaintiffs fail to provide any facts or analysis to support their conclusion that leave to amend would be appropriate in this case. When amendment would be futile, any request to amend should

be denied. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Here, amendment would be futile because no facts exist to save Plaintiffs' claims. To allow amendment would require Defendants and the Court to expend unnecessary time and resources on a meritless lawsuit and will force Defendants to defend against claims that should otherwise be dismissed, unnecessarily prolonging litigation and creating unnecessary expense to a public body.

## III.    CONCLUSION

Based on the foregoing, Defendants urge the Court to grant Defendants' Motion to Dismiss and dismiss the Complaint in its entirety with prejudice, pursuant to FRCP 12(b)(6) for failing to state a claim upon which relief can be granted.

DATED this 7th day of May, 2026.

WASHOE COUNTY SCHOOL DISTRICT
OFFICE OF THE GENERAL COUNSEL


By: /s/Andrea L. Schulewitch, Esq.
    ANDREA L. SCHULEWITCH, ESQ.
    Nev. Bar No. 15321
    SARA K. MONTALVO, ESQ.
    Nev. Bar No. 11899
    P.O. Box 30425
    Reno, NV 89520-3425

    Attorneys for Defendants Washoe County School District, Joe Ernst, Spanish Springs Elementary School, Rebecca Quinn, Washoe County School District Police Department, and Jeremy Backman

11

Washoe County School District
Office of the General Counsel
PO Box 30425
Reno, Nevada 89520-3425
Telephone: (775) 348-0300; Facsimile: (775) 333-6010

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of the WASHOE COUNTY SCHOOL DISTRICT OFFICE OF THE GENERAL COUNSEL and that on this date I served a true and correct copy of the preceding document addressed to the following:

Ryan A. Hamilton, Esq.
Hamilton Law
5125 S. Durango Drive
Las Vegas, NV 89113
Ryan@HamLegal.com
Attorney for Plaintiffs

by electronically filing the foregoing document with the Clerk of the Court which served the above-named individuals electronically.

DATED this 7th day of May, 2026.

/s/Breanne Read
Breanne Read

12